1  HANSON, BRIDGETT, MARCUS, VLAHOS & RUDY, LLP
   WILLIAM D. TAYLOR - 51689
2  CHRISTINA NUGENT - 199646
   980 Ninth Street, Suite 1500
3  Sacramento, California 95814
   Telephone: (916) 442-3333
4  Facsimile: (916) 442-2348
   cnugent@hansonbridgett.com
5  wtaylor@hansonbridgett.com

6

  Attorneys for Plaintiff
7 KLS AIR EXPRESS, INC. dba FREIGHT SOLUTION
  PROVIDERS
8

9              UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

11

| 12 | KLS AIR EXPRESS, INC. dba FREIGHT SOLUTION PROVIDERS, | No. |
|---|---|---|
| 13 | | **COMPLAINT FOR DAMAGES; DECLARATORY RELIEF** |
| 14 | Plaintiff, | |
| 15 | v. | |
| 16 | CHEETAH TRANSPORTATION LLC, and DOES 1 through 25, | |
| 17 | Defendants. | |

18       Plaintiff, KLS AIR EXPRESS, INC. dba FREIGHT SOLUTION PROVIDERS ("KLS"),

19 alleges as follows upon information and belief:

20                        **I. JURISDICTION**

21       1.     This Court has jurisdiction of this action pursuant to Title 28 United States Code

22 section 1332 because the amount in controversy exceeds $75,000.00, the plaintiff is a citizen of

23 the State of California, and the defendant is a citizen of the State of Pennsylvania. Alternatively,

24 the Court has jurisdiction of this action pursuant to Title 28 United States Code section 1331 and

25 section 1337(a) because the action arises under the laws of the United States; namely, Title 49

26 United States Code section 14706, et seq. (commonly referred to as the "Carmack Amendment").

27 ///

28 ///

Complaint for Damages; Declaratory Relief       - 1 -

33810.1

## II. VENUE

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) in that the loss which is the subject of this Complaint occurred within this district.

## III. PARTIES

3. At all times material hereto, Plaintiff was and now is a corporation or other business entity organized and existing by virtue of California law with an office at 2882 Prospect Park Dr., 4th Floor, Rancho Cordova, California.

4. At all times material hereto, Defendant CHEETAH TRANSPORTATION LLC (hereinafter "Defendant") was and now is a corporation organized and existing by virtue of the laws of North Carolina with an office and principal place of business at 378 Williamson Road, Mooresville, North Carolina, and was and now is engaged in business as a motor carrier of goods for hire.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 2 through 25, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Doe Defendants is responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries and damages as herein alleged.

6. At all times material hereto, the Defendants, and each of them, were the agents, servants or employees of each Defendant named herein, and at all of said times, each said Defendant was acting with the course and scope of said agency, service or employment.

## IV. GENERAL ALLEGATIONS

7. In early 2005, Hewlett Packard, KLS's customer, contacted KLS to request that KLS arrange for the transportation of load of 500 flatpanel monitors (the "cargo") from Jonestown, Pennsylvania, to City of Industry, California (the "shipment") pursuant to that certain agreement between KLS and Hewlett Packard ("HP Agreement").

8. On or about March 15, 2005, KLS tendered the shipment to Defendant for delivery to destination. Prior to doing business with Defendant, KLS requested, and received, a Certificate

of Insurance issued by Liberty Mutual Insurance Company, dated September 30, 2004, evidencing that Defendant had sufficient insurance coverage to cover the full value of the shipment.

9. Without the knowledge or consent of KLS, Defendant arranged for Sonko Trucking, Inc. to transport the shipment for Defendant. Also without the knowledge or consent of KLS, the load was then assigned by Sonko Trucking, Inc. to another motor carrier -- "Hemi" -- for transportation and, ultimately, to Dmitriy Dushchak, the driver who transported the load to Sacramento, California.

10. On or about March 19, 2005, Dushchak arrived in Sacramento, and parked his tractor with the loaded trailer on the street in a commercial area. On or about March 21, 2005, the tractor and trailer were reported missing, and were presumed to have been stolen. The tractor and trailer were discovered on or about March 30, 2005, approximately 17 miles from the location at which Dushchak left them. The cargo was gone. It was never recovered.

11. In or about April 2005, Hewlett Packard demanded that KLS pay it $275,540.00, the value of the stolen shipment. Hewlett Packard continues to demand reimbursement for the full value of the loss. KLS tendered payment in the amount of $150,000.00 to Hewlett Packard. Said payment has neither been negotiated nor returned.

12. On or about March 23, 2005, KLS submitted a notice of its intent to file a claim for the loss to Defendant, which, in turn, issued a "Claims Acknowledgement Form," acknowledging receipt of the claim.

13. On or about March 23, 2005, Defendant provided written notice of the loss to Sonko.

14. On or about April 27, 2005, KLS again provided Defendant written notice of the loss and the claim related thereto, and requested that Defendant pay for the full value of the loss.

15. On May 13, 2005, Defendant responded in writing to KLS's inquiry, and acknowledged its duty to "confirm that the carrier has adequate and sufficient insurance coverage."

16. To date, despite numerous demands that Defendant pay KLS the full value of the

loss, Defendant has failed to pay any money in response to KLS's demands for payment.

## V. FIRST CLAIM FOR RELIEF

### (Loss or Damage to Freight [49 U.S.C. Section 14706])

17. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 16 as if fully set forth herein.

18. In or about March 2005, there was delivered to Defendant in good order and condition a shipment of 500 flatscreen monitors, suitable in every respect for the intended transportation, which Defendant accepted, received and agreed to safely transport for certain consideration from Jonestown, Pennsylvania to City of Industry, California.

19. After tender to Defendant, said shipment was lost or stolen and, therefore, never delivered.

20. By reason of the foregoing, Defendant was negligent and careless in its handling of the cargo and further breached, failed and violated its duties and obligations as bailee of the cargo and was otherwise at fault.

21. Plaintiff has duly performed all duties and obligations on its part to be performed.

22. Plaintiff has sustained damage as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $275,540.00.

23. Wherefore, Plaintiff prays for judgment against Defendant, as hereinafter set forth.

## VI. SECOND CLAIM FOR RELIEF

### (Negligence)

24. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 as if fully set forth herein.

25. In or about March 2005, Defendant agreed to transport the shipment for the from Jonestown, Pennsylvania to City of Industry, California. In agreeing to perform the transportation, Defendant was required, among other things, to perform the transportation competently and to be fully insured against loss of or damage to the subject shipment.

///

///

26. In or about March 2005, there was tendered to Defendant, the motor carrier retained by KLS, 500 flatscreen monitors which said motor carrier received, accepted and agreed to transport.

27. The shipment was left unattended during which time it was stolen.

28. The motor carriers retained by Defendant did not maintain adequate insurance coverage to compensate for the loss of the shipment.

29. By reason of the foregoing, Defendant breached, failed and violated its duties and obligations for said shipment and was otherwise at fault.

30. Plaintiff has performed all duties and obligations on its part to be performed.

31. Plaintiff has sustained damage as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $275,540.00.

32. Wherefore, Plaintiff prays for judgment against Defendant, as hereinafter set forth.

## VII. THIRD CLAIM FOR RELIEF

### (Breach of Contract)

33. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 32 as if fully set forth herein.

34. In or about March 2005, for valuable consideration, Defendant agreed to transport the shipment from Jonestown, Pennsylvania to City of Industry, California. In agreeing to transport the shipment, Defendant and anyone acting on behalf of Defendant was required to be fully insured against loss of or damage to the subject shipment.

35. Defendant, in consideration of a reasonable compensation to be paid by Plaintiff, agreed to safely and promptly carry the property and deliver same.

36. Plaintiff has performed all conditions, covenants and promises under the agreement on its part to be performed, including payment in full of shipping charges to Defendant.

37. Defendant breached its agreement with Plaintiff by failing to transport the shipment as agreed, and by failing to procure the proper insurance for the subject shipment and/or

Complaint for Damages; Declaratory Relief         - 5 -

33810.1

failing in its duties and obligations to arrange appropriate transportation with adequate insurance to cover the subject loss and otherwise failing to deliver the cargo in good order and condition.

38. As a direct and proximate result of Defendant's breach of the agreement as set forth above, Plaintiff was damaged in the total amount of $275,540.00, including other incidental and consequential damages according to proof.

39. Wherefore, Plaintiff prays for judgment against Defendant, as hereinafter set forth.

## VIII. FOURTH CLAIM FOR RELIEF

### (Negligent Hiring)

40. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41. In or about March 2005, for valuable consideration, Defendant agreed to transport the shipment from Jonestown, Pennsylvania to City of Industry, California. In agreeing to transport the shipment, Defendant was required to be fully insured against loss of or damage to the subject shipment. Instead, Defendant arranged, without Plaintiff's knowledge or consent, for another motor carrier to transport the shipment. In so doing, Defendant was required, among other things, to retain a motor carrier competent to perform the transportation and a motor carrier who was fully insured against loss of or damage to the subject shipment.

42. Defendant, in consideration of a reasonable compensation to be paid by Plaintiff, agreed to safely and promptly carry the property and deliver same.

43. Plaintiff has performed all conditions, covenants and promises under the agreement on its part to be performed, including payment in full of shipping charges to Defendant.

44. Defendant breached its agreement with Plaintiff by failing to transport the shipment as agreed, and by failing to procure the proper insurance for the subject shipment and/or failing in its duties and obligations to arrange appropriate transportation with adequate insurance to cover the subject loss and otherwise failing to deliver the cargo in good order and condition.

45. As a direct and proximate result of Defendant's breach of the agreement as set forth above, Plaintiff was damaged in the total amount of $275,540.00.

## IX. FIFTH CLAIM FOR RELIEF

### (Declaratory Relief)

46. Plaintiff repeats, realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 45 as if fully set forth herein.

47. This is a claim for relief for declaratory judgment pursuant to 28 U.S.C. Sections 2201 and 2202 for the purpose of determining a question of actual controversy between the parties as set forth herein.

48. Plaintiff has duly submitted a claim to defendant in regard to the shipment that is at issue in this litigation. To date, Defendant has refused to pay the claim and denies liability therefor. Hewlett Packard continues to demand that Plaintiff reimburse Hewlett Packard for the full value of the shipment, or $275,540.00.

49. Plaintiff requests that this Court determine the parties' respective liabilities with regard to the lost shipment.

50. There is an actual controversy between Plaintiff and Defendant within the jurisdiction of this Court and involving the rights and liabilities of the parties under the transportation agreement and under federal law, which controversy may be determined by a judgment of this Court, without other suits.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, on its First, Second, Third and Fourth Claim for Relief, as follows:

1. For damages in the amount of $275,540.00, consisting of the value of the goods lost;

2. For incidental and consequential damages according to proof;

3. For costs of suit incurred herein, including interest; and

4. For such other and further relief as the Court may deem proper.

**WHEREFORE**, Plaintiff prays, on its Fifth Claim for Relief, as follows:

1. That this Court determine and adjudicate the rights and liabilities of the parties hereto with respect to the transportation of the cargo and the alleged liability claims arising therefrom;

1  2. That this Court declare that this Plaintiff has no obligation or liability regarding
2  the shipment that is at issue in this action; and
3  3. That Plaintiff be awarded such other and further relief as may be warranted.

DATED: December 19, 2005

Respectfully submitted,

HANSON, BRIDGETT, MARCUS,
VLAHOS & RUDY, LLP

By: /s/ CHRISTINA NUGENT
CHRISTINA NUGENT
Attorneys For Plaintiff
KLS AIR EXPRESS, INC. dba
FREIGHT SOLUTION PROVIDERS