Kathleen C. Jeffries (State Bar #110362)
SCOPELITIS, GARVIN, LIGHT & HANSON, LLP
790 East Colorado Boulevard, 9th Floor
Pasadena, California 91101
Telephone: (626) 795-4700
Facsimile: (626) 795-4790

Attorneys for Defendant and Counterclaimant
CHEETAH TRANSPORTATION, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLS AIR EXPRESS, INC. dba FREIGHT SOLUTION PROVIDERS,<br><br>    Plaintiff,<br><br>v.<br><br>CHEETAH TRANSPORTATION LLC, and DOES 1 through 25,<br><br>    Defendants.<br><br>CHEETAH TRANSPORTATION, LLC,<br><br>    Counterclaimant,<br><br>v.<br><br>KLS AIR EXPRESS, INC. dba FREIGHT SOLUTION PROVIDERS,<br><br>    Counterdefendant. | Case No. SCV05-02593 FCD DAD<br><br>ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES |

Defendant and counterclaimant Cheetah Transportation, LLC ("Cheetah") answers the complaint of plaintiff KLS Air Express, Inc. dba Freight Solution Providers ("plaintiff") on file herein and counterclaims against plaintiff as follows:

1

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF
KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

## FIRST DEFENSE

1. In answer to the allegations of paragraph 1 of said complaint, Cheetah admits and alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 on the grounds that the alleged amount in controversy exceeds $75,000.00 and the parties are citizens of different states. Except as herein specifically admitted and alleged, Cheetah denies each and every allegation contained in said paragraph and specifically denies that the Carmack Amendment is applicable to Cheetah, a motor property broker.

2. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 of said complaint.

3. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of said complaint.

4. In answer to the allegations of paragraph 4 of said complaint, Cheetah admits and alleges that, at all times material hereto, Cheetah was and now is a limited liability company organized and existing under and by virtue of the laws of the state of North Carolina, with its principal place of business in Morrisville, Pennsylvania. Except as herein specifically admitted and alleged, Cheetah denies each and every allegation contained in said paragraph.

5. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 5, 6 and 7 of said complaint.

///

2

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

6. In answer to the allegations of paragraph 8 of said complaint, Cheetah admits and alleges that on or about March 15, 2005, Cheetah agreed, as a transportation broker, to arrange for the transportation of one shipment of computer equipment from Ingram Micro in Jonestown, Pennsylvania to Synnex in Fremont, California; and that Cheetah provided to plaintiff in the year prior thereto a Liberty Mutual Certificate of Insurance evidencing, among other coverage, cargo insurance in the sum of $250,000.00 for any one vehicle.  Except as herein specifically admitted and alleged, Cheetah denies each and every allegation contained in said paragraph and further expressly denies that plaintiff notified Cheetah of the value of such shipment prior to its loss.

7. In answer to the allegations of paragraph 9 of said complaint, Cheetah admits and alleges that it arranged for Sonko Trucking, Inc. to transport the shipment for plaintiff and that Sonko Trucking, Inc., in turn, arranged with Val Bedrik dba Hemi Express to transport such shipment. Except as herein specifically admitted and alleged, Cheetah denies each and every allegation contained in said paragraph.

8. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 10 and 11 of said complaint.

9. Cheetah admits the allegations of paragraph 12 of said complaint.

10. In answer to the allegations of paragraph 13 of said complaint, Cheetah admits and alleges that on March 24, 2005, Cheetah provided notice of the alleged loss to Sonko.

///

11. In answer to the allegations of paragraph 14 of said complaint, Cheetah admits and alleges that on or about April 27, 2005, plaintiff transmitted to Cheetah a letter with the stated purpose of putting Cheetah on notice that plaintiff's customer suffered a loss and stating an amount claimed of $275,570.00.

12. In answer to the allegations of paragraph 15 of said complaint, Cheetah admits and alleges that on May 13, 2005, Cheetah wrote a letter to plaintiff confirming that Cheetah had performed the subject transportation services as a transportation broker and that it had fulfilled its broker duties with respect to such shipment, including confirming that the carrier utilized by Cheetah had adequate insurance coverage.

13. Cheetah admits the allegations of paragraph 16 of said complaint.

14. In answer to the allegations of paragraph 17 of said complaint, Cheetah hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 13 herein.

15. Cheetah denies each and every allegation contained in paragraph 18 of said complaint, and further specifically denies that Cheetah ever had possession of such shipment.

16. In answer to the allegations of paragraph 19 of said complaint, Cheetah denies that such shipment was tendered to Cheetah. Except as herein specifically admitted and alleged, Cheetah alleges that it is without knowledge or information to form a belief as to the truth of the allegations of said paragraph.

///

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

17. Cheetah denies each and every allegation contained in paragraph 20 of said complaint.

18. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 21 and 22 of said complaint.

19. Paragraph 23 of said complaint does not require a response from Cheetah.

20. In answer to the allegations of paragraph 24 of said complaint, Cheetah hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 19 herein.

21. Cheetah denies each and every allegation contained in paragraph 25 of said complaint, and further specifically denies that Cheetah agreed to transport such shipment.

22. Cheetah denies each and every allegation contained in paragraph 26 of said complaint.

23. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of said complaint.

24. Cheetah denies each and every allegation contained in paragraphs 28 and 29 of said complaint.

25. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 30 and 31 of said complaint.

26. Paragraph 32 of said complaint does not require a response from Cheetah.

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

27. In answer to the allegations of paragraph 33 of said complaint, Cheetah hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 26 herein.

28. Cheetah denies each and every allegation contained in paragraph 34 of said complaint, and further specifically denies that Cheetah agreed to transport such shipment.

29. Cheetah denies each and every allegation contained in paragraph 35 of said complaint.

30. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of said complaint.

31. Cheetah denies each and every allegation contained in paragraphs 37 and 38 of said complaint, and further specifically denies that Cheetah agreed to transport such shipment.

32. Paragraph 39 of said complaint does not require a response from Cheetah.

33. In answer to the allegations of paragraph 40 of said complaint, Cheetah hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 32 herein.

34. Cheetah denies each and every allegation contained in paragraphs 41 and 42 of said complaint, and further specifically denies that Cheetah agreed to transport such shipment.

///
///

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

35. Cheetah alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 43 of said complaint.

36. Cheetah denies each and every allegation contained in paragraphs 44 and 45 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Cheetah.

37. In answer to the allegations of paragraph 46 of said complaint, Cheetah hereby realleges and incorporates by reference as though set forth fully herein each and every admission, allegation and denial contained in paragraphs 1 through 36 herein.

38. Paragraph 47 of said complaint does not require a response from Cheetah.

39. Cheetah admits the allegations of paragraph 48 of said complaint except that it is without knowledge or information sufficient to form a belief as to the truth of the allegations that Hewlett Packard continues to demand that plaintiff reimburse it for the value of the shipment.

40. Paragraph 49 of said complaint does not require a response from Cheetah.

41. Cheetah denies each and every allegation contained in paragraph 50 of said complaint, and further specifically denies that plaintiff has been damaged in any sum whatsoever or at all by Cheetah.

## SECOND DEFENSE

42. Cheetah is a transportation broker and, as such, is not a party to the contract of carriage for the cargo which is the subject of this action. Cheetah at no time had possession of plaintiff's cargo or undertook to transport plaintiff's cargo.

43. By virtue of the foregoing, plaintiff is barred from any recovery from or against Cheetah for the alleged loss of plaintiff's customer's cargo.

### THIRD DEFENSE

44. The acts and/or omissions of Cheetah, if any, as alleged by plaintiff in said complaint as causing the loss of the subject property were solely and wholly those of others, and not of Cheetah.

45. By virtue of the foregoing, plaintiff is barred from any recovery from or against Cheetah for the alleged loss of plaintiff's customer's property.

### FOURTH DEFENSE

46. The transportation of the property which is the subject of this action was subject to the contract terms and conditions of the bill of lading prepared by or on behalf of plaintiff or Ingram Micro for said transportation.

47. Cheetah hereby asserts any and all rights and remedies available to it through such bill of lading in addition to those set forth herein, including any and all applicable limitations of liability and case and claim filing requirements.

### FIFTH DEFENSE

48. By the exercise of reasonable effort, plaintiff and/or its customer could have mitigated the amount of damages allegedly suffered, but plaintiff and/or its customer failed and refused to exercise such reasonable efforts to mitigate said damages.

///

///

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

1      49.   By virtue of the foregoing, in no event is Cheetah liable to
2  plaintiff with respect to said damages or in any sum whatsoever or at all.

### SIXTH DEFENSE

4      50.   Said complaint fails to state a cause of action against
5  Cheetah upon which relief can be granted.

### COUNTERCLAIM FOR MONEY

(Non-Payment of Interstate Freight Charges)

8      51.   At all times herein mentioned, Cheetah has been and now is
9  a limited liability company duly organized and existing under and by virtue of
10 the laws of the State of North Carolina operating in the State of California,
11 among other places, on a nationwide basis; and at all such times, Cheetah has
12 been and now is a transportation broker, duly authorized to operate as such
13 in interstate commerce pursuant to a permit issued to it by the Federal Motor
14 Carrier Safety Administration.

15     52.   As set forth in paragraph 3 of plaintiff's complaint on file
16 herein, at all times herein mentioned, plaintiff has been and now is a
17 California corporation with an office within the jurisdiction of this Court.

18     53.   Between February 24, 2005 and June 27, 2005, at the
19 request of plaintiff, provided transportation brokerage services for plaintiff
20 pursuant to rates and terms negotiated by and between the parties hereto.

21     54.   Cheetah's lawful charges for said transportation services are
22 in the sum of $29,984.00, as reflected in the Aged Accounts Receivable Report
23 attached hereto as Exhibit A.

24     55.   Cheetah has billed plaintiff for its charges for such
25 transportation brokerage services.

26 ///

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

56. Cheetah has performed all things to be performed by it in connection with said transportation brokerage services.

57. Despite Cheetah's demand to plaintiff for payment of Cheetah's charges, plaintiff has failed and refused and continues to fail and refuse to pay the same or any portion thereof; and there is now due, owing and unpaid to Cheetah the sum of $29,984.00, which represents the full, actual and lawful charges for said transportation brokerage services.

WHEREFORE, defendant Cheetah Transportation, LLC prays for judgment as follows:

1. That plaintiff take nothing by its complaint;

2. That said complaint be dismissed with prejudice;

3. That Cheetah have judgment against plaintiff in the sum of $29,984.00, together with interest at the maximum lawful rate on each portion thereof from its respective invoice date;

4  For Cheetah's costs of suit incurred herein; and

5  For such other and further relief as this Court may deem just and proper.

Dated: February 13, 2006                    SCOPELITIS, GARVIN, LIGHT & HANSON, LLP

                                            By: _____
                                                Kathleen C. Jeffries
                                                Attorneys for Defendant and
                                                Counterclaimant
                                                CHEETAH TRANSPORTATION, LLC

ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES

EXHIBIT A

```
                                        CHEETAH TRANSPORTATION LLC
Run 02/06/06 at 08:10:16                AGED ACCOUNTS RECEIVABLE REPORT                                                    Page:    1
Invoice Cutoff Bill Date: 02/06/06   Age Date: 02/06/06                                                                         ager
------------------------------------------------------------------------------------------------------------------------------------
Code   Customer                                       Balance      Current     OVER 30 D    Over 60 D    Over 90 D     >120 Days
------------------------------------------------------------------------------------------------------------------------------------
KLSWCA   KLS AIR EXPRESS C/O                                    Phone...: 916-373-3353
         RANCHO CORDOVA, CA                                     Last Pmt: 06/27/05       Avg Pay Days:  58.19
         CLAIM

   Ship      Bill*     Rev     Load No  Age   Amount
 02/24/05 03/29/05 03/29/05  248062    314   2650.00      700.00                                                          700.00
 02/23/05 03/24/05 03/24/05  248063    319    300.00      300.00                                                          300.00
 03/29/05 03/31/05 03/31/05  253480    312   1350.00     1350.00                                                         1350.00
 04/06/05 04/13/05 04/13/05  254788    299   2100.00     2100.00                                                         2100.00
 04/11/05 04/13/05 04/13/05  255668    299    600.00      600.00                                                          600.00
 04/21/05 05/12/05 05/12/05  257574    270   1000.00     1000.00                                                         1000.00
 04/25/05 05/10/05 05/10/05  257759    272   3900.00     3900.00                                                         3900.00
 04/25/05 05/10/05 05/10/05  257760    272   3900.00     3900.00                                                         3900.00
 04/25/05 05/04/05 05/04/05  257906    278   1500.00     1500.00                                                         1500.00
 05/04/05 05/18/05 05/18/05  259449    264   4034.00     4034.00                                                         4034.00
 05/05/05 05/18/05 05/18/05  259636    264    850.00      850.00                                                          850.00
 06/06/05 06/15/05 06/15/05  264132    236    800.00      800.00                                                          800.00
 06/07/05 06/15/05 06/15/05  264168    236   1400.00     1400.00                                                         1400.00
 06/06/05 06/08/05 06/08/05  264308    243   1000.00     1000.00                                                         1000.00
 06/17/05 07/07/05 07/07/05  266030    214   3200.00     3200.00                                                         3200.00
 06/21/05 06/23/05 06/23/05  266422    228   1200.00     1200.00                                                         1200.00
 06/21/05 07/07/05 07/07/05  266449    214    650.00      650.00                                                          650.00
 06/27/05 07/07/05 07/07/05  267464    214   1500.00     1500.00                                                         1500.00
                                                         29984.00        0.00         0.00         0.00         0.00    29984.00
                                                          100.00%        0.00%        0.00%        0.00%        0.00%    100.00%


            GRAND TOTALS                                 29984.00        0.00         0.00         0.00         0.00    29984.00
                                                          100.00%        0.00%        0.00%        0.00%        0.00%    100.00%

Customers on this report........:        1
Number of Invoices..............:       18
Average Invoice Amount..........:  1665.78
```

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES,**

I, **Michelle Lazo**, am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 790 East Colorado Boulevard, 9th Floor, Pasadena, California 91101.

On February 13, 2006, I served the foregoing document described as **ANSWER OF DEFENDANT CHEETAH TRANSPORTATION, LLC TO COMPLAINT OF PLAINTIFF KLS AIR EXPRESS, INC.; AND COUNTERCLAIM FOR FREIGHT CHARGES** on interested parties in this action by placing a √ true copy/the original thereof enclosed in a sealed envelope addressed as follows:

Ms. Christina Nugent
Hanson, Bridget, Marcus, Vlahos & Rudy, LLP
980 Ninth Street, Suite 1500
Sacramento, California 95814

√ **(BY MAIL)** I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

√ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

√ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 13, 2006, at Pasadena, California.

_____
Michelle Lazo