Mark E. Christensen, Esq. (SBN 229026)
Mary E. Lockington, Esq. (SBN 206685)
CHRISTENSEN EHRET LLP
55 South Lake Avenue, Suite 560
Pasadena, California 91101
Telephone (626) 793-7747
Facsimile (626) 793-7744

Attorneys for Third Party Defendants, SONKO TRUCKING, INC.; SONKO, INC.; SONKO TRANSPORTATION, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KLS AIR EXPRESS, INC. dba FREIGHT SOLUTION PROVIDERS,<br><br>Plaintiff,<br><br>v.<br><br>CHEETAH TRANSPORTATION LLC, and DOES 1 through 25,<br><br>Defendants, | Case No.: SCV05-02593 FCD DAD<br><br>**ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT** |
| CHEETAH TRANSPORTATION LLC,<br><br>Third Party Plaintiff<br>v.<br><br>SONKO TRUCKING, INC., an Arkansas corporation; SONKO, INC., an Arkansas corporation; SONKO TRANSPORTATION, INC. an Arkansas corporation; VAL BEDRIK, an individual doing business as HEMI EXPRESS; and DOES 26 through 50,<br><br>Third Party Defendant. | |

///

1

Third Party Defendants, SONKO TRUCKING, INC.; SONKO, INC.; SONKO TRANSPORTATION, INC. (hereinafter collectively referred to as "SONKO") for itself alone, and severing itself from all other Third Party Defendants, hereby answers Cross-Complaint of CHEETAH TRANSPORTATION, LLC (hereinafter collectively referred to as "CHEETAH") as follows:

**ALLEGATION**

1. At all times herein mentioned, Cheetah has been and now is a limited liability company duly organized and existing under and by virtue of the laws of the state of North Carolina; and at all such times, Cheetah has been and now is a motor property broker in interstate and foreign commerce, conducting such business within the state of California, among other places throughout the United States and Canada.

**ANSWER**

1. In answer to the allegations of paragraph 1 of said Cross-Complaint, SONKO alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Cross-Complaint.

**ALLEGATION**

2. Cheetah is informed and believes and based upon such information and belief alleges that at all times herein mentioned, Sonko Trucking, Inc. was a corporation duly organized and existing under and by virtue of the laws of the state of Arkansas, and conducting business as an interstate motor carrier of property within the state of California, among other places throughout the United States.

**ANSWER**

2. In answer to the allegations of paragraph 2 of said Cross-Complaint, SONKO TRUCKING, INC. admits that it is duly organized and existing under and by virtue of the laws of the state of Arkansas, and conducts business as an interstate motor carrier of property within the state of California, among other places throughout the United States.

///

ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT

**ALLEGATION**

3. Cheetah is informed and believes and based upon such information and belief alleges that at all times herein mentioned, Sonko, Inc. was a corporation duly organized and existing under and by virtue of the laws of the state of Arkansas, and conducting business as an interstate motor carrier of property within the state of California, among other places throughout the United States.

**ANSWER**

3. In answer to the allegations of paragraph 2 of said Cross-Complaint, SONKO INC. admits that they are duly organized and existing under and by virtue of the laws of the state of Arkansas, and denies that it conducts business as an interstate motor carrier of property within the state of California, among other places throughout the United States.

**ALLEGATION**

4. In answer to the allegations of paragraph 4 of said Cross-Complaint, SONKO TRANSPORTATION INC. admits that they are duly organized and existing under and by virtue of the laws of the state of Arkansas, and denies that it conducts business as an interstate motor carrier of property within the state of California, among other places throughout the United States.

**ANSWER**

4. Cheetah is informed and believes and based upon such information and belief alleges that at all times herein mentioned, Sonko Transportation, Inc. was a corporation duly organized and existing under and by virtue of the laws of the state of Arkansas, and conducting business as an interstate motor carrier of property within the state of California, among other places throughout the United States.

**ALLEGATION**

5. Cheetah is informed and believes and based upon such information and belief alleges that at all times herein mentioned, Val Bedrik is an individual doing business as Hemi Express, and conducting business as an interstate motor carrier of

property within the state of California, among other places throughout the United States.

**ANSWER**

5. In answer to the allegations of paragraph 5 of said Cross-Complaint, SONKO alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Cross-Complaint.

**ALLEGATION**

6. The true names and capacities of the third party defendants named herein as Does 26 through 50, inclusive, are unknown to Cheetah, who therefore sues said third party defendants by such fictitious names, and Cheetah will amend its third party complaint to show their true names and capacities when the same have been ascertained.

**ANSWER**

6. In answer to the allegations of paragraph 6 of said Cross-Complaint, SONKO alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Cross-Complaint.

**ALLEGATION**

7. Cheetah is informed and believes and based upon such information and belief alleges that at all times herein mentioned, each of the third party defendants was the agent or employee of each of the remaining third party defendants and acting within the course and scope of such agency or employment.

**ANSWER**

7. In answer to the allegations of paragraph 7 of said Cross-Complaint, SONKO denies that each of the third party defendants was the agent or employee of each of the remaining third party defendants and acting within the course and scope of such agency or employment.

///

///

4

ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT

**ALLEGATION**

8. Cheetah denies that it was in any way responsible for any of the alleged damages complained of by plaintiff in its complaint filed against Cheetah in this action, and hereby incorporates by this reference as though set forth fully herein all of the admissions, denials and allegations contained in Cheetah's answer to said complaint.

**ANSWER**

8. In answer to the allegations of paragraph 8 of said Cross-Complaint, SONKO admits that CHEETAH has filed an answer to Plaintiff's complaint which speaks for itself and deny the remaining allegations contained in paragraph 8.

**ALLEGATION**

9. If Cheetah is found liable to plaintiff, any such liability shall be predicated upon the active and primary negligence or other conduct of said third party defendants in connection with the handling of the freight which is the subject of this action and will not be based upon any act or omission on the part of Cheetah.

**ANSWER**

9. In answer to the allegations of paragraph 9 of said Cross-Complaint, SONKO denies any liability, denies any liability predicated upon SONKO's alleged active or primary negligence or other conduct in connection with the handling of the freight which is the subject of this action, and liability, if any, is based on the acts or omissions on the part of other parties.

**ALLEGATION**

10. Cheetah has necessarily incurred and will continue to incur costs and expenses in defense of the complaint of plaintiff, including attorneys' fees.

**ANSWER**

10. In answer to the allegations of paragraph 10 of said Cross-Complaint, SONKO alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Cross-Complaint.

**ALLEGATION**

11. By virtue of the foregoing, in the event that Cheetah is found liable to plaintiff, then Cheetah shall be entitled to be indemnified by said third party defendants in the amount of any such liability or in the proportion to which the conduct of said third party defendants caused or contributed to the alleged damages complained of the plaintiff, together with Cheetah's costs and expenses incurred in defense of said complaint, including such sum as the Court shall adjudge to be reasonable attorneys fees.

**ANSWER**

11. In answer to the allegations of paragraph 11 of said Cross-Complaint, SONKO denies that, in the event that CHEETAH is found liable to plaintiff, then CHEETAH shall be entitled to be full or proportional indemnification by SONKO and further specifically denies that CHEETAH has been damaged in any sum whatsoever or at all by SONKO, and deny the remaining allegations of paragraph 11.

**ALLEGATION**

12. An actual controversy has arisen and now exists between Cheetah and said third party defendants, in that Cheetah contends that if it is found liable to plaintiff, then Cheetah shall be entitled to be indemnified by said third party defendants, as alleged above; whereas, as Cheetah is informed and believes an based upon such information and belief alleges, said third party defendants dispute and deny said contentions. Cheetah desires a judicial declaration of the respective rights and liabilities of the parties herein.

**ANSWER**

12. In answer to the allegations of paragraph 12 of said Cross-Complaint, SONKO denies every allegation of said Cross-Complaint, and further specifically denies that CHEETAH has been damaged in any sum whatsoever or at all by SONKO.

ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT

# AFFIRMATIVE DEFENSES

As and for Affirmative Defenses to the Counterclaim, SONKO alleges upon information and belief:

## FIRST, SEPARATE AND AFFIRMATIVE DEFENSE

13. As a first, separate and affirmative defense to the Cross-Complaint, and each cause of action thereof, SONKO INC. a transportation broker, SONKO TRUCKING INC., and SONKO INC., at no time had possession of plaintiff's cargo. By virtue of the foregoing, CHEETAH is barred from any recovery for the alleged loss of plaintiff's customer's cargo.

## SECOND, SEPARATE AND AFFIRMATIVE DEFENSE

14. As a second, separate and affirmative defense to the Cross-Complaint, and each cause of action thereof, these answering Third Party Defendants allege by way of plea of comparative negligence that the Cross-Complainant was negligent in and about the matters and activities alleged in the Cross-Complaint, that said negligence contributed to and was a legal cause of the alleged injuries and damages, if any, and that if these answering Third Party Defendants are found to have been negligent, and if the Cross-Complainant is entitled to recover damages against these answering Third Party Defendants by virtue of the complaint, these answering Third Party Defendants pray that said recovery be diminished or extinguished by reason of the negligence of the Cross-Complainant in proportion to the degree of fault attributable to the Cross-Complainant.

## THIRD, SEPARATE AND AFFIRMATIVE DEFENSE

15. As a third, separate and affirmative defense to the Cross-Complaint, and each cause of action thereof, these answering Third Party Defendants allege that Cross-Complainant has failed to state facts sufficient to constitute a cause of action against these answering Third Party Defendants.

///

///

#### FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE

16. As a fourth, separate and affirmative defense to the cross-complaint, and each cause of action thereof, these answering Third Party Defendants are informed and believe and thereon allege that, if, in fact, Cross-Complainant was damaged in any manner whatsoever, that said damage, if any, was a direct and legal result of the intervening and superseding actions on the part of other parties, and not these answering Third Party Defendants, and that such intervening and superseding actions of said other parties bars recovery herein on behalf of Cross-Complainant

#### FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE

17. As a fifth, separate and affirmative defense to the Cross-Complaint, and each cause of action thereof, these answering Third Party Defendants are informed and believe, and therefore allege, that these answering Third Party Defendants are entitled to right of indemnification by apportionment against all other parties and persons whose negligence contributed legally to the happening of the claimed incident or the alleged injuries.

#### SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE

18. As a sixth, separate and affirmative defense to the Cross-Complaint, the conduct of these answering Third Party Defendants was passive, derivative and secondary in nature, while the conduct of Cross-Complainant and other persons and/or entities was active and primary. Recovery for damages or injuries, if any, sustained by Cross-Complainant is diminished, barred and/or reduced by its affirmative and primary negligence, and precludes any right to indemnity from these answering Third Party Defendants.

#### SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

19. As a seventh, separate and affirmative defense to the Cross-Complaint, Cross-Complainant is barred from recovery for the obligations referred to in the Complaint which are nonexistent, not contracted for, and outside the contract, obligations, or agreements, if any, between the parties or any of them.

## EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE

20. As an eighth, separate and affirmative defense to the Cross-Complaint, Cross-Complainant is estopped by its conduct from bringing this action against these answering Third Party Defendants.

## NINTH, SEPARATE AND AFFIRMATIVE DEFENSE

21. As a ninth, separate and affirmative defense to the Cross-Complaint, Cross-Complainant should be responsible for all these answering Third Party Defendants' necessary and reasonable defense costs, including attorney's fees, because the Cross-Complainant was brought without reasonable care and without a good faith belief that there was a justifiable controversy under the facts and law which warranted the filing of the Complaint against these answering Third Party Defendants.

## TENTH, SEPARATE AND AFFIRMATIVE DEFENSE

22. As a tenth, separate and affirmative defense to the complaint, Third Party Defendants SONKO TRUCKING, INC. and SONKO TRANSPORTATION, INC. are not parties to the transaction and therefore Cross-Complainant is barred from recovery as to Third Party Defendants SONKO TRUCKING, INC. and SONKO TRANSPORTATION, INC.

## ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE

23. As a eleventh, separate and affirmative defense to the complaint, these answering Third Party Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. These answering Third Party Defendants reserve their right to assert additional affirmative defenses in the event that discovery indicates that same would be appropriate.

///
///
///

**WHEREFORE**, these answering Third Party Defendants pray for judgment in its favor and against Cross-Complainant as follows:

1. That Cross-Complainant take nothing by way of its Cross-Complaint, and that the same be dismissed as against these answering Third Party Defendants;

2. That in the event Cross-Complainant should recover a judgment as against these answering Third Party Defendants, any liability and damages to be paid by these answering Third Party Defendants shall be limited to that percentage of fault actually attributable to these answering Third Party Defendants;

3. That the Court award these answering Third Party Defendants their costs of suit, including investigation and reasonable attorneys' fees incurred; and

4. For such other and further relief as this Court may deem just and proper.

DATED: May 24, 2006      CHRISTENSEN EHRET, LLP


By:   /s/ Mary E. Lockington, Esq.
      MARK E. CHRISTENSEN
      MARY E. LOCKINGTON
      Attorneys for Third Party Defendants,
      SONKO TRUCKING, INC.; SONKO, INC.;
      SONKO TRANSPORTATION, INC.

ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES.**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is 55 South Lake Avenue, Suite 560, Pasadena, California 91101.

On May 24, 2006, I served on the parties of record in this action the foregoing document described as **ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT** by placing true copies thereof enclosed in sealed envelopes addressed as follows:

**SEE SERVICE LIST**

*E-FILE*: The individuals are registered with the District Court for service and filing of documents in this case. Said document was transmitted to the above registrants via e-filing. (Fed. R. Civ. P. 5(b)(2)(D)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 24, 2006, at Pasadena, California.

SARA RODRIGUEZ

ANSWER TO CHEETAH TRANSPORTATION LLC'S CROSS-COMPLAINT

**SERVICE LIST**
*KLS Air Express v. Cheetah Transportation, et al.*
Case No. SCV05-02593-FCD DAD

Kathleen C. Jeffries, Esq.
Scopelitis, Garn, Light & Hanson, LLP
790 East Colorado Blvd, 9th Floor
Pasadena, CA 91101
Tel: (626) 792-4700/Fax: (626) 795-4790
**Attorneys for Plaintiff and Cross Plaintiff CHEETAH TRANSPORTATION, LLC**