UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KLS AIR EXPRESS, INC., dba<br>FREIGHT SOLUTION PROVIDERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHEETAH TRANSPORTATION LLC,<br>and DOES 1 through 25, et al.,<br><br>　　　　Defendants.<br>_____/<br>AND ALL RELATED ACTIONS.<br>_____/ | NO. CIV. S-05-2593 FCD DAD<br><br><br><br>MEMORANDUM AND ORDER |

----oo0oo----

This matter comes before the court on the motion of third-party defendant Van Bedrick dba Hemi Express ("Hemi") for determination of the good faith settlement which it reached with defendant and third-party plaintiff Cheetah Transportation LLC ("Cheetah"). For the reasons set forth below, Hemi's motion is

/////
/////
/////

GRANTED.[1]

## BACKGROUND

In March 2005, plaintiff KLS Air Express, Inc. ("KLS") contacted Cheetah to arrange for the transportation of a shipment of flat panel monitors (the "shipment") from Jonestown, Pennsylvania to City of Industry, California. After receiving KLS's request for the transportation of the monitors, Cheetah contacted Sonko Trucking ("Sonko") to handle the transportation. Sonko then subcontracted with Val Bedrick, owner of Hemi, to transport the shipment. Val Bedrick, in turn, subcontracted with Dimitry Duschak ("Duschak") to transport the shipment. The entire shipment was stolen on March 21, 2005, while in the possession of Duschak.

KLS subsequently filed suit against Cheetah for damages and declaratory relief on December 20, 2005. On April 19, 2006, Cheetah filed a third-party complaint for indemnity against Sonko, Hemi, and Duschak.[2]

In October 2007, Cheetah and Hemi entered into settlement negotiations. (Def.'s Mem. of P. & A. at 2:24-25, filed Nov. 9, 2007.) These negotiations resulted in an agreement between Cheetah and Hemi that, in exchange for a complete release of all claims by Cheetah against Hemi, Hemi would pay Cheetah a total of $30,000 on the following terms: (1) $15,000 would be paid on or

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Sonko defaulted. (Clerk's Entry Default, filed Apr. 6, 2007.) Dushcak obtained a discharge in bankrupctcy. (Notice of Automatic Stay in Bankruptcy, filed Apr. 24, 2007.)

2

before November 30, 2007; (2) an additional $15,000 would be paid on or before December 31, 2007; (3) the settlement was conditioned on a determination of good faith settlement by the court; and (4) should Hemi fail to make the payments as scheduled, Cheetah would be entitled to recover from Hemi the lesser of $30,000 (with deduction for payments made by Hemi) or the amount of any judgment which may be entered against Cheetah on KLS's complaint. (Id. at 2:25-3:7.)

Hemi thereafter filed the instant motion, seeking approval of the settlement under California Code of Civil Procedure Section 877.6. KLS filed an opposition to the motion, and Cheetah and Hemi filed replies. (Opp'n, filed Dec. 31, 2007; Cheetah's Reply, filed Jan. 2, 2008; Hemi's Reply, filed Jan. 9, 2008.)

**STANDARD**

In this diversity case, the court applies the substantive law of California. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996). Under California Code of Civil Procedure Section 877.6, any party to an action involving two or more joint tortfeasors or co-obligors on a contract debt are entitled to a hearing on the good faith of a settlement between a plaintiff or other claimant and one or more of the joint tortfeasors or co-obligors after giving notice of the settlement to all parties and the court. Cal. Code Civ. Proc. § 877.6(a)(1) (West Supp. 2007). Alternatively, a party to such a settlement may give notice to all parties and the court of the settlement together with an application for determination of good faith settlement and a proposed order. Id. at § 877.6(a)(2). A nonsettling party may, within 25 days of the mailing of the notice, file a motion

contesting the good faith of the settlement. Id. at § 877.6(a)(2). The party contesting good faith bears the burden of persuasion on the issue. Id. at § 877.6(d).

The court may determine the issue of good faith on the basis of affidavits, counteraffidavits, or any other evidence submitted with the application or admitted, in the court's discretion, at any hearing on the motion. Id. at § 877.6(b). The court's determination that a settlement was made in good faith bars "any other joint tortfeasor or coobligor from any further claims against the settling tortfeasor or coobligor for equitable comparative contribution, or partial or comparative indemnity." Id. at § 877.6(c).

**ANALYSIS**

KLS objects to the settlement, arguing this court cannot find it in good faith because KLS is not a party to the settlement. KLS's argument is unavailing for several reasons. First, and most significantly, KLS has not sued Hemi; rather, Hemi is in this action pursuant to Cheetah's third-party complaint alone. Indeed, at no time has KLS sought to sue Hemi, and it did not object to the court's entry of the amended final pretrial conference order, which took into consideration the settlement between Cheetah and Hemi, and deleted all references to Hemi in this action. (Am. Pretrial Conf. Order ("APCF") 8:21-22, filed Nov. 16, 2007.) As a result of the settlement with Hemi, and the prior proceedings with respect to Sonko and Duschak, Cheetah's third-party complaint is no longer at issue in this case. If KLS opposed the settlement, the court would have expected KLS to object to the amended final pretrial order and

request amendment of its pleading. However, it did not do so, and the court will not permit it to do so now.

Moreover, KLS's reliance on <u>Arizona Pipeline Co. v. Superior Court</u>, 22 Cal. App. 4th 33 (1994), to argue that the court cannot find the instant settlement in good faith, is unpersuasive. In <u>Arizona Pipeline</u>, the court held that, "[i]n the context of tort litigation," settlements between joint tortfeasors are not subject to a good faith determination under Section 877.6 where the plaintiff is not a party to the settlement. <u>Id.</u> at 42. In direct conflict with <u>Arizona Pipeline</u>, however, the court in <u>KAOM, Inc. v. Superior Court</u>, 35 Cal. App. 4th 549 (1995), a construction defect case, held that a settlement between a cross-complainant and a cross-defendant on an indemnity claim was subject to a good faith determination under Section 877.6 because "a cross-complainant who claims . . . indemnity from a joint tortfeasor is the functional equivalent of a plaintiff." <u>Id.</u> at 554.

The court finds <u>KAOM</u> is factually more on point with this case than <u>Arizona Pipeline</u>, and that <u>KAOM</u> is more in line with the language of the statute, which expressly applies to settlements by the "plaintiff *or other claimant* and one or more alleged tortfeasors or coobligors." Cal. Code Civ. Proc. § 877.6(a)(1) (emphasis added). <u>KAOM</u> is also consistent with the dual purposes of the statute to encourage settlements and promote the equitable sharing of costs. <u>Abbott Ford, Inc. v. Superior Court</u>, 43 Cal. 3d 858, 871-72 (1987). As such, the court follows <u>KAOM</u> in this case and finds that it may approve Hemi and Cheetah's settlement, which did not involve plaintiff KLS,

provided it meets the so-called "Tech-Bilt" factors.

When determining whether a settlement is in good faith, the court considers the following factors: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportionate liability; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among the plaintiffs; (4) a recognition that a settlor should pay less in settlement than s/he would if found liable after trial; (5) the financial condition and insurance policy limits of the settling defendants; and (6) the existence of collusion, fraud, or tortiuous conduct aimed to injure the interest of nonsettling parties.[3] Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal. 3d 488, 499 (1985).

KLS argues that the settlement is not in good faith because it does not fairly represent Hemi's proportionate liability. However, bad faith is not "established by a showing that a settling defendant paid less than his theoretical proportionate share." Id. at 499. Moreover, KLS is proceeding against Cheetah only, making it irrelevant to KLS whether Hemi is liable for more damages. As between Hemi and Cheetah, it is reasonable to assume that they adequately protected their own individual interests in reaching the settlement.

KLS also challenges the amount paid in settlement. To meet its burden of persuasion, however, KLS must show that the settlement is "out of the ballpark." Id. at 499-500. The court cannot find that a settlement for $30,000, of an *untested* demand by KLS for $250,000, is outside the "ballpark."

---

[3] KLS does not contest the fourth and sixth Tech-Bilt factors. Accordingly, those factors are not discussed.

1     KLS also protests the allocation of settlement proceeds
2 "among plaintiffs," arguing no monies are being paid to it.
3 However, as the court has repeatedly noted herein, Hemi is only a
4 party to this action by virtue of Cheetah's third-party complaint
5 for indemnity. KLS has not sued Hemi.
6     Lastly, KLS argues Hemi and Cheetah have failed to show that
7 Hemi's financial condition and insurance limits make this
8 settlement amount reasonable. However, according to Cheetah, the
9 settlement was reached "based upon Hemi Express' poor financial
10 condition." (Cheetah's Reply at 2 n.1.) Cheetah also represents
11 that Hemi has no insurance coverage relating to the action
12 because its policy did not cover Duschak's vehicle. (Def.'s Mem.
13 of P. & A. at 4:26-5:2.) Absent evidence to the contrary, the
14 court concludes that Hemi's financial situation and insurance
15 coverage are poor and that the settlement of $30,000 is
16 reasonable.
17     In sum, the court finds the settlement between Cheetah and
18 Hemi satisfies the Tech-Bilt factors. The settlement is
19 proportionate to what a reasonable person would estimate Hemi's
20 liability to be based on an approximation of KLS's total
21 recovery, the likelihood of a judgment in favor of Hemi on
22 Cheetah's third-party complaint, and the potential for
23 apportionment of fault to other parties in this action. The
24 effect of this finding is that Cheetah's third-party complaint
25 against Hemi is dismissed, and any future cross-complaints for
26 indemnity or contribution arising out of this action are barred.
27 Cal. Code Civ. Proc. § 877.6(c). The court's finding does not,
28 contrary to the suggestion in Hemi's reply, preclude *plaintiff*

7

KLS from filing a separate, direct claim against Hemi in the future.[4]

**CONCLUSION**

The court, having considered the moving papers and the declaration of J. Michael Cochrane, finds the settlement agreement between Cheetah and Hemi is in good faith pursuant to Section 877.6 of the California Code of Civil Procedure and the factors outlined in <u>Tech-Bilt</u>. Accordingly, Hemi's motion for determination of good faith settlement is hereby GRANTED. Cheetah's cross-complaint against Hemi is dismissed, and any future cross-claims for indemnity or contribution based on the allegations involved in this litigation are barred.

IT IS SO ORDERED

DATED: January 15, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The court will not, however, permit KLS to amend its complaint to add Hemi as a defendant in this action at this late stage of the litigation; the court has entered a final pretrial conference order, and trial is set for February 26, 2008.

8